AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| SAM PICH | Case Number: 1: 13 CR 10276 - 003 - MLW |
| | USM Number: 95613-038 |
| | John H. Cunha, Jr. |
| | Defendant's Attorney |

☑ Additional documents attached
Forfeiture Order

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:    Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy | 12/31/12 | 1 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 19 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 20 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 21 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 22 |

The defendant is sentenced as provided in pages 2 through ___15___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/23/15
Date of Imposition of Judgment

*[signature]*
Signature of Judge

The Honorable Mark L. Wolf
Senior Judge, U.S. District Court
Name and Title of Judge

April 1, 2015
Date

≈AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

Judgment—Page __3__ of __15__

**DEFENDANT:** SAM PICH
**CASE NUMBER:** 1: 13 CR 10276 - 003 - MLW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 23 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 24 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 25 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 26 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 27 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 28 |
| 26 U.S.C. § 7206(1) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 29 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 30 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 31 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 32 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 33 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 34 |
| 26 U.S.C. § 7206(2) | Aiding/Assisting Filing False Employment Tax Returns | 01/31/10 | 35 |
| 18 U.S.C. § 1341 | Mail Fraud | 07/01/10 | 36 |
| 18 U.S.C. § 1341 | Mail Fraud | 07/01/10 | 37 |
| 18 U.S.C. § 1341 | Mail Fraud | 07/01/10 | 38 |
| 18 U.S.C. § 1341 | Mail Fraud | 07/01/10 | 39 |
| 18 U.S.C. § 1341 | Mail Fraud | 07/01/10 | 40 |
| 18 U.S.C. § 1341 | Mail Fraud | 07/01/10 | 41 |
| 31 USC § 5324(a)(3),(d)(2), 18 USC §2 | Structuring Financial Transactions (Aggravated) | 12/31/09 | 42-49 |

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT: **SAM PICH**
CASE NUMBER: 1: 13 CR 10276 - 003 - MLW

Judgment — Page __3__ of __15__

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **24 month(s)**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☑ before 12:00 noon on 05/04/15.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

♦AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: SAM PICH
CASE NUMBER: 1: 13 CR 10276 - 003 - MLW

Judgment—Page 4 of 15

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 36 month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

◎AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **SAM PICH**
CASE NUMBER: **1: 13 CR 10276 - 003 - MLW**

Judgment—Page 5 of 15

## ADDITIONAL ☐ SUPERVISED RELEASE ☐ PROBATION TERMS

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.

2. The defendant is to pay the balance of any fine or restitution imposed according to a court-ordered repayment schedule.

3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

4. The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

5. The defendant shall not frequent establishments whose primary purpose is gambling.

6. The defendant shall not participate in any gambling activities, including casino gambling, on-line gambling, lotteries, instant scratch tickets, Keno, and any other activities similar in nature.

7. The defendant shall fully cooperate with the government, including the Internal Revenue Service, in collecting back taxes, restitution and the $3200 special assessment.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page 6 of 15

DEFENDANT: **SAM PICH**
CASE NUMBER: **1: 13 CR 10276 - 003 - MLW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment   | Fine | Restitution     |
|--------|--------------|------|-----------------|
| TOTALS | $ $3,200.00  | $    | $ $6,018,745.03 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service | | $5,138,200.03 | |
| Granite State Insurance Co. | | $880,545.00 | |

☐ See Continuation Page

| TOTALS | $ $0.00 | $ $0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **SAM PICH**
CASE NUMBER: **1: 13 CR 10276 - 003 - MLW**

Judgment — Page **7** of **15**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [X] Lump sum payment of $ **$3,200.00** due immediately, balance due

    [ ] not later than _____ , or
    [X] in accordance [ ] C, [ ] D, [ ] E, or [X] F below; or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X] Special instructions regarding the payment of criminal monetary penalties:

The remainder to be paid on a schedule ordered by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X] Joint and Several

[ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Margaret Mathes 13-10276-001 Full amount
Boseba Prum 13-10276-002 Full amount
Thaworn Promket 13-10276-004 Full amount

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 06/05) Criminal Judgment
         Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **SAM PICH**
CASE NUMBER: **1: 13 CR 10276 - 003 - MLW**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 8 of 15

# STATEMENT OF REASONS

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

  1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

  2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

  ☐ findings of fact in this case
  ☐ substantial assistance (18 U.S.C. § 3553(e))
  ☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: 26
Criminal History Category: I
Imprisonment Range: 63 to 78 months
Supervised Release Range: 1 to 3 years
Fine Range: $ 12,500 to $ 4,000,000
☑ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: SAM PICH                                                                     Judgment — Page 9 of 15
CASE NUMBER: 1: 13 CR 10276 - 003 - MLW
DISTRICT: MASSACHUSETTS

# STATEMENT OF REASONS

**IV  ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☒ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V  DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A  The sentence imposed departs (Check only one.):
   ☐ below the advisory guideline range
   ☐ above the advisory guideline range

B  Departure based on (Check all that apply.):

1  **Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
   ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
   ☐ binding plea agreement for departure accepted by the court
   ☐ plea agreement for departure, which the court finds to be reasonable
   ☐ plea agreement that states that the government will not oppose a defense departure motion.

2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ 5K1.1 government motion based on the defendant's substantial assistance
   ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
   ☐ government motion for departure
   ☐ defense motion for departure to which the government did not object
   ☐ defense motion for departure to which the government objected

3  **Other**
   ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C  Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D  Explain the facts justifying the departure. (Use Section VIII if necessary.)

AO 245B ( 05-MA)  (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

| | |
|---|---|
| **DEFENDANT:** SAM PICH | Judgment — Page 10 of 15 |
| **CASE NUMBER:** 1: 13 CR 10276 - 003 - MLW | |
| **DISTRICT:** MASSACHUSETTS | |

# STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

   **A**   **The sentence imposed is** (Check only one.):
      ☑ below the advisory guideline range
      ☐ above the advisory guideline range

   **B**   **Sentence imposed pursuant to** (Check all that apply.):

      1    **Plea Agreement** (Check all that apply and check reason(s) below.):
          ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
          ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
          ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

      2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
          ☐ government motion for a sentence outside of the advisory guideline system
          ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
          ☑ defense motion for a sentence outside of the advisory guideline system to which the government objected

      3    **Other**
          ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

   **C**   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

      ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
      ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
      ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
      ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
      ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
      ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
      ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

   **D**   **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

      Defendant married into a very close Cambodian family and entered the criminal family business conceived and dominated by his mother-in-law and co-defendant Margaret Mathes.

DEFENDANT: SAM PICH
CASE NUMBER: 1: 13 CR 10276 - 003 - MLW
DISTRICT: MASSACHUSETTS

Judgment — Page 11 of 15

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: 6,018,745.03

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 0/0/1950

Defendant's Residence Address: Lowell, MA

Defendant's Mailing Address: Lowell, MA

Date of Imposition of Judgment
03/23/15

Signature of Judge
The Honorable Mark L. Wolf    Senior Judge, U.S. District Court

Name and Title of Judge
Date Signed April 1, 2015

Case 1:13-cr-10276-MLW   Document 186   Filed 04/01/15   Page 12 of 15
Case 1:13-cr-10276-MLW   Document 181-1   Filed 03/24/15   Page 1 of 4   12 of 15
Case 1:13-cr-10276-MLW   Document 143-1   Filed 01/21/15   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                                  ) | Criminal No. 13-10276-MLW |
| ) | |
| (1) MARGARET MATHES,          ) | |
| (2) BOSEBA PRUM,                     ) | |
| (3) SAM PICH, and                     ) | |
| (4) THAWORN PROMKET,        ) | |
| Defendants.                 ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOLF, S.D.J.**

WHEREAS, on September 25, 2013, a federal grand jury sitting in the District of Massachusetts returned a forty-nine count Indictment charging defendants Margaret Mathes, Boseba Prum, Sam Pich, and Thawron Promket (the "Defendants"), with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); Filing False Employment Tax Returns, in violation of 26 U.S.C. § 7206(1) (Counts Two through Eighteen); Aiding and Assisting the Filing of False Employment Tax Returns, in violation of 26 U.S.C. § 7206(2) (Counts Nineteen through Thirty-Five); Mail Fraud, in violation of 18 U.S.C. § 1341 and 2 (Counts Thirty-Six through Forty-One); and Structuring Financial Transactions, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2), and 18 U.S.C.. § 2 (Counts Forty-Two through Forty-Nine);

WHEREAS, the Indictment contained Mail Fraud Forfeiture Allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek the forfeiture, jointly and severally, and upon conviction of the Defendants of one or more of the offenses in violation of 18 U.S.C. § 1341, including any conspiracy to commit a violation of 18 U.S.C. § 1341, as charged in the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of such offenses;

Case 1:13-cr-10276-MLW Document 186 Filed 04/01/15 Page 13 of 15
Case 1:13-cr-10276-MLW Document 181-1 Filed 03/24/15 Page 2 of 4   13 of 15
Case 1:13-cr-10276-MLW Document 143-1 Filed 01/21/15 Page 2 of 4

WHEREAS, the Indictment also contained Structuring Forfeiture Allegations, pursuant to 31 U.S.C. § 5317(c), which provided notice that the United States would seek the forfeiture, jointly and severally, and upon conviction of the Defendants of one or more of the offenses in violation of 31 U.S.C. § 5324, including conspiracy violate 31 U.S.C. § 5324, as charged in the Indictment, of all property, real or personal, involved in the offense and any property traceable thereto;

WHEREAS, the Forfeiture Allegations of the Indictment also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendants, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of this Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and/or 31 U.S.C. § 5317(c)(1)(B), to seek forfeiture of all other property of the Defendants, up to the value of such property;

WHEREAS, on August 27, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendants each pled guilty to the various Counts of the Indictment in which they were charged;

WHEREAS, during the plea hearing, the Court explained that the Defendants could possibly be ordered to forfeit money or property to the extent alleged in the Indictment, and the Defendants acknowledged the forfeiture authority of the United States and did not object;

WHEREAS, on January 15, 2015, the United States filed a sentencing memorandum regarding the Defendants;

WHEREAS, in the sentencing memorandum, the United States calculated the proceeds

Case 1:13-cr-10276-MLW   Document 186   Filed 04/01/15   Page 14 of 15
Case 1:13-cr-10276-MLW   Document 181-1   Filed 03/24/15   Page 3 of 4
Case 1:13-cr-10276-MLW   Document 143-1   Filed 01/21/15   Page 3 of 4

that the Defendants obtained based on the mail fraud offenses to be $880,545 in United States currency;

WHEREAS, in addition, the United States calculated the amount of currency used to facilitate the scheme based upon the structuring violations to be $16,931,496;

WHEREAS, based upon the figures submitted in the United States sentencing memorandum concerning the proceeds obtained as a result of the mail fraud and the amount of currency used in the structuring violations, as well as the Defendants' guilty pleas and admissions at the plea hearing, the United States is entitled to an Order of Forfeiture (Money Judgment) against the Defendants, jointly and severally, in the amount of $17,812,041 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 31 U.S.C. § 5317(c);

WHEREAS, the United States has filed a Motion for Order of Forfeiture (Money Judgment) that would consist of a personal money judgment against the Defendants, jointly and severally, in the amount of $17,812,041 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendants, jointly and severally, shall forfeit to the United States the sum of $17,812,041 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 31 U.S.C. § 5317(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to

Case 1:13-cr-10276-MLW   Document 186   Filed 04/01/15   Page 15 of 15   15 of 15
Case 1:13-cr-10276-MLW   Document 181-1   Filed 03/24/15   Page 4 of 4
Case 1:13-cr-10276-MLW   Document 143-1   Filed 01/21/15   Page 4 of 4

exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentences pronounced and imposed by the Court at the sentencing hearings, and in the criminal judgments entered by this Court against the Defendants.

*[signature]*
MARK L. WOLF
Senior United States District Judge

Date: March 23, 2015

4